# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SANTANDER BANK, N.A., | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.: RDB-17-0374 |
| MARK GAVER, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

Plaintiff Santander Bank, N.A. ("Plaintiff") brings this action against Defendants Mark Gaver, Gaver Properties, LLC, Gaver Consulting, LLC, Fawley Family Partnership, Pelican Colony Partnership, LLC and Donna Gaver. (Am. Compl., ECF No. 39.) Currently pending before this Court is Defendant Gaver Properties' Motion to Set Aside Entry of Default. (ECF No. 68.) The issues have been fully briefed, and this Court has reviewed the parties' submissions. In addition, the Motion was discussed during a teleconference conducted off the record on November 29, 2017. For the following reasons, Defendant Gaver Properties' Motion to Set Aside Entry of Default (ECF No. 68) is DENIED.

Plaintiff filed an initial complaint on February 8, 2017, alleging that Mark Gaver obtained a credit line and increases to that credit line for his company, Gaver Technologies ("GTI"), by submitting to Santander Bank fraudulent financial statements which grossly inflated the financial performance of GTI. (ECF No. 1.) GTI is now insolvent and unable to repay the outstanding balance of the loan. (*Id.*) Plaintiff alleges that Mark Gaver's knowledge of the fraud is attributable to Gaver Properties, a Maryland LLC company jointly owned by

1

Mark and Donna Gaver.[1] (*Id.*) At all relevant times, Mark Gaver has been the resident agent for Gaver Properties. (ECF No. 70-2.)

On February 13, 2017 and February 15, 2017, Plaintiff attempted to serve Mark Gaver as resident agent for Gaver Properties at his listed address, but was told that Mark Gaver was neither physically present nor maintained an office at the address. (Decl. of Seitzinger, ECF No. 70-3; ECF No. 70-2.) On February 14, 2017, Plaintiff also emailed a copy of the complaint to Mark Gaver. (*Id.* at 70-3.) In addition, on February 17, 2017, Plaintiff emailed a copy of the complaint to counsel for Donna Gaver. (*Id.* at 70-4.) On February 23, 2017, Plaintiff served the Summons and Complaint on Gaver Properties by delivering copies to the Maryland State Department of Assessments and Taxation. (*Id.* at 70-3.) Five days later, on February 28, 2017, Donna Gaver was appointed receiver for Gaver Properties. (ECF No. 2 at ¶ 8; ECF No. 68 at ¶¶ 2-4.)

Over four months later, on July 11, 2017, Plaintiff filed the operative Amended Complaint that added Donna Gaver as a defendant. (ECF No. 41.) While the Amended Complaint adds claims against Donna Gaver, it contains the same allegations against Gaver Properties as the initial complaint. (ECF Nos. 1, 39.) Accordingly, because Gaver Properties never filed an answer or responsive pleading to the initial complaint, Plaintiff was not required to serve Gaver Properties with the Amended Complaint.[2] Plaintiff, however, emailed Mark Gaver a copy of the Amended Complaint on July 13, 2017. (ECF No. 61.) On August 1, 2017, Donna Gaver timely filed an Answer to the Amended Complaint. (ECF No.

---

[1] In July of 2015, Donna Gaver filed a petition for divorce in the Circuit Court for Lee County, Florida. (ECF No. 39 at ¶ 52.)

[2] *See* Fed. R. Civ. P. 5(a)(2) ("No service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4.")

2

52.) Gaver Properties never filed an answer or responsive pleading. On October 10, 2017, Plaintiff filed a Motion for Entry of Default against Gaver Properties (ECF No. 67), which was granted on October 23, 2017.[3] (ECF No. 69.)

Under Federal Rule of Civil Procedure 55, this Court may set aside the entry of default against Gaver Properties "for good cause." Fed. R. Civ. P. 55(c). As the United States Court of Appeals for the Fourth Circuit explained in *Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc.*, 616 F.3d 413 (4th Cir. 2010):

> When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic.

*Id.* at 417 (quoting *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 203 (4th Cir. 2006)). Motions pursuant to Rule 55(c) are left "largely within the discretion of the trial judge." *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 205 (4th Cir. 2006).

Considering all of the *Colleton* factors, the record does not show good cause to set aside Defendant Gaver Properties' Entry of Default. Gaver Properties argues that the default should be set aside because Plaintiff failed to serve Gaver Properties by serving Donna Gaver *in her capacity as receiver* for Gaver Properties. (ECF No. 68.) However, the record shows that both Mark Gaver, resident agent of Gaver Properties, and Donna Gaver, receiver for Gaver Properties, both had ample notice of the lawsuit. First, in February of 2017, over eight months before Plaintiff filed for entry of default, Santander Bank attempted

---

[3] The Clerk of this Court has also entered default against Defendants Mark Gaver, Gaver Consulting, LLC, Fawley Family Partnership, and Pelican Colony Partnership, LLC. (ECF Nos. 69, 73.)

3

twice to serve the initial complaint on Mark Gaver, emailed a copy of the complaint to both Mark and Donna Gaver, and served the Summons and Complaint on Gaver Properties by delivering copies to the Maryland State Department of Assessments and Taxation. Second, Donna Gaver was appointed receiver for Gaver Properties five days *after* Plaintiff served the Summons and Complaint to the Maryland State Department of Assessments and Taxation. (*Id.* at 70-3.) She was therefore on notice of the suit at the time she was appointed receiver. Finally, in July of 2017, about three months before Plaintiff filed for entry of default, Plaintiff served Donna Gaver with the Amended Complaint, which contains the same allegations against Gaver Properties as the initial complaint. In response, Donna Gaver timely filed an Answer on August 1, 2017. The record therefore shows that both Mark and Donna Gaver, co-owners of Gaver Properties, have been on notice of the suit against Gaver Properties since July of 2017, if not February of 2017. Accordingly, Defendant Gaver Properties has not shown good cause for this Court to set aside its entry of default.

Accordingly, IT IS HEREBY ORDERED this 30th day of November, 2017, that Defendant Gaver Properties' Motion to Set Aside Entry of Default (ECF No. 68) is DENIED. The Clerk of this Court shall transmit copies of this Order to the parties.

_____/s/_____

Richard D. Bennett
United States District Judge