FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2018 MAR 23 AM 11: 59
CLERK'S OFFICE
AT BALTIMORE
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SANTANDER BANK, N.A.,     *

    Plaintiff,     *

v.     *     Civil Action No.: RDB-17-0374

MARK GAVER, *et al.*,     *

    Defendants.     *

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

Plaintiff Santander Bank, N.A. ("Plaintiff" or "Mr. Gaver") brings this action against Defendants Mark Gaver, Gaver Properties, LLC, Gaver Consulting, LLC, Fawley Family Partnership, Pelican Colony Partnership, LLC and Donna Gaver. (Am. Compl., ECF No. 39.) Currently pending before this Court is Defendant Mark Gaver's Motion to Set Aside Entry of Default. (ECF No. 81.) The issues have been fully briefed and this Court has reviewed the parties' submissions. For the following reasons, Defendant Mark Gaver's Motion to Set Aside Entry of Default (ECF No. 81) is DENIED.

Plaintiff filed an initial complaint on February 8, 2017, alleging that Mark Gaver ("Mr. Gaver"), obtained a credit line and increases to that credit line for his company, Gaver Technologies ("GTI"), by submitting to Santander Bank fraudulent financial statements which grossly inflated the financial performance of GTI. (ECF No. 1.) GTI is now insolvent and unable to repay the outstanding balance of the loan. (*Id.*) Plaintiff alleges that "[a]s a direct and proximate result of Mark Gaver's fraud, Santander has suffered damages of

1

nearly $50 million." (*Id.* at ¶ 68.) In addition, the Plaintiff alleges that because Mr. Gaver was an alter-ego of GTI, Mr. Gaver is personally liable for GTI's breach of the loan. (*Id.* at ¶ 87.)

On February 15, 2017, Plaintiff attempted to serve Mr. Gaver in his personal capacity at his listed office address, but was told that Mr. Gaver was neither physically present nor maintained an office at the address. (ECF No. 25.) Around the same time, Plaintiff also attempted to locate Mr. Gaver at his personal address but was unsuccessful. (*Id.*) Approximately five months later, on June 12, 2017, this Court permitted the Plaintiff to serve Mr. Gaver by e-mail and through his attorney, whose representation was for a separate Florida proceeding. (ECF No. 29.) Plaintiff successfully served Mr. Gaver on June 13 and 14, 2017. (ECF Nos. 30, 31.)

On July 5, 2017, Mr. Gaver, acting *pro se*, timely filed a Motion to Dismiss. (ECF No. 36.) One week later, Plaintiff served Mr. Gaver with an Amended Complaint.[1] (ECF Nos. 39, 61.) Once again, acting *pro se*, Mr. Gaver timely filed a Motion to Dismiss the Amended Complaint, which this Court denied on September 28, 2017. (ECF. Nos. 54, 59.) Therefore, Mr. Gaver's response to the Amended Complaint was due on October 12, 2017.[2] (ECF No. 73.) Nevertheless, Mr. Gaver did not respond to the Amended Complaint.

On November 14, 2017, the Plaintiff filed a Motion for Clerk's Entry of Default against Mr. Gaver. (ECF No. 71.) One day later, on November 15, 2017, Mr. Gaver was

---

[1] On the same day, two attorneys entered limited appearances on behalf of Mr. Gaver solely for enforcing a preliminary injunctive order, which "enjoined [Gaver] from transferring or otherwise dissipating monies received from GTI." (ECF Nos. 18, 42, 43.)
[2] Federal Rule of Civil Procedure 12(a)(4)(A) states that "if the court denies the motion . . . the responsive pleading must be served within 14 days after notice of the court's action."

2

arrested. (ECF Nos. 81, 82.) On November 16, 2017, default was entered against Mr. Gaver.[3] (ECF No. 73.)

Under Federal Rule of Civil Procedure 55, this Court may set aside the entry of default against Mr. Gaver "for good cause." Fed. R. Civ. P. 55(c). As the United States Court of Appeals for the Fourth Circuit explained in *Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc.*, 616 F.3d 413 (4th Cir. 2010):

> When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic.

*Id.* at 417 (quoting *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 203 (4th Cir. 2006)).[4] Motions pursuant to Rule 55(c) are left "largely within the discretion of the trial judge." *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 205 (4th Cir. 2006).

Considering all of the *Colleton* factors, the record does not show good cause to set aside Mr. Gaver's Entry of Default. First, Mr. Gaver argues that he acted with reasonable promptness. (ECF No. 81 at 2.) In *Colleton*, the Fourth Circuit explained that this factor weighed in favor of the moving party, a corporation, when the corporation moved to set aside the entry of default "within nine days after its counsel learned of the existence of the case." 616 F.3d at 418 (citations omitted). However, the record shows that Mr. Gaver had ample notice of the lawsuit since he was served on June 13 and 14, 2017. Moreover, Mr.

---

[3] On November 30, 2017, this Court issued a Memorandum Order denying Gaver Properties' Motion to Set Aside Entry of Default. (ECF No. 75.)

[4] Mr. Gaver argues that he did not engage in "culpable conduct," which the Ninth Circuit recognizes as a good cause factor. *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001). The Fourth Circuit, however, has not held culpable conduct to be a factor in determining good cause. *See Colleton*, 616 F.3d at 417. Therefore, this argument is irrelevant.

Gaver timely filed motions to dismiss in response to the original Complaint and the Amended Complaint, demonstrating his knowledge of the lawsuit. Although Mr. Gaver was arrested on November 15, 2016, this was well after October 12, 2017, the day a response to the Amended Complaint was due. Therefore, this Court finds that Mr. Gaver did not act with reasonable promptness. By extension, since Mr. Gaver met previous filing deadlines and was acting *pro se*, this Court also finds that Mr. Gaver was personally responsible for the default.[5] *See United States v. Moradi*, 673 F.2d 725, 728 (4th Cir. 1982) (holding that "justice [] demands that a blameless party not be disadvantaged by the errors or neglect of his attorney which cause a final, involuntary termination of proceedings").

Second, Mr. Gaver argues that he has a meritorious defense. To establish a meritorious defense, the moving party must proffer some evidence "which, if believed, would permit either the Court or the jury to find for the defaulting party." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982) (citations omitted). Specifically, Mr. Gaver argues that he "has the meritorious defense of impossibility or impracticability, as he was for large time periods prevented by court order from making any payments to the Plaintiff from GTI assets as well as operating his company" pursuant to a February 28, 2017, ruling in a separate divorce case.[6] (ECF No. 81 at 4-5.) The Plaintiff's claim, however, is that from 2009 to 2016 "Mark Gaver submitted materially false and misleading financial statements and other

---

[5] *See supra* note 1. Mr. Gaver was represented for a limited purpose, unrelated to the issue at hand. *Id.* Moreover, Mr. Gaver was acting *pro se* when he filed both Motions to Dismiss. Notices of appearance for Mr. Gaver's present attorneys were filed on December 19, 2017, well after October 12, 2017, the date a response was due. (ECF Nos. 79, 80.)

[6] In this case, a Florida judge "appointed the former wife of Mark Gaver . . . as receiver of the companies and assets of Mark Gaver." (ECF No. 81 at 4.)

4

information concerning GTI." (ECF No. 39 at 23.) Therefore, Mr. Gaver's argument is irrelevant and this Court finds that Mr. Gaver does not have a meritorious defense.[7]

Finally, Mr. Gaver argues that the "Plaintiff will not be prejudiced by setting aside the default." (ECF No. 81 at 6.) The Plaintiff "does not claim actual prejudice from the default except for the unnecessary legal fees incurred . . . [and] less drastic sanctions—including the award of legal fees—are always available as an alternative to default." (ECF No. 82 at 6-7.) Therefore, setting aside the default would not cause the Plaintiff undue prejudice. However, the lack of prejudice does not weigh heavily in this case when compared to the promptness, personal responsibility, and lack of meritorious defense factors. Accordingly, Mr. Gaver has not shown good cause for this Court to set aside its entry of default.

Accordingly, IT IS HEREBY ORDERED this 23rd day of March, 2018, that Defendant Mark Gaver's Motion to Set Aside Entry of Default (ECF No. 81) is DENIED. The Clerk of this Court shall transmit copies of this Order to the parties.

_____
Richard D. Bennett
United States District Judge

---

[7] The meritorious defense would also be inapplicable for the Plaintiff's breach of contract claim. The initial complaint, which included the breach claim, was filed on February 8, 2017, well before the divorce ruling on February 28, 2017. (ECF Nos. 1, 81.)